UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROGERS,

             Plaintiff,

     -against-

ELON MUSK,

             Defendant.

25-CV-2347 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this complaint *pro se* asserting a breach-of-contract claim. (ECF 1 at 2.) He does not specify the basis for the Court's jurisdiction. By order dated July 28, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees. For the reasons set forth in this order, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation

omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff filed this complaint asserting the following facts:[1] "I don't know how or when to collect the said money that is attached too this complaint. It feels like a donation but a person with brain damage I have no clue how this goes. Breach of contact." (ECF 1 at 5.) Plaintiff asserts "quality of life" injuries for which he seeks $50 million in damages.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Plaintiff's complaint does not comply with basic pleading requirements. In his barebones complaint, Plaintiff seeks $50 million in damages from Elon Musk, but he provides no factual allegations in support of that claim. His allegations do not provide a short and plain statement giving Defendant fair notice of the claims Plaintiff is asserting and the grounds on which they rest. Nor does Plaintiff provide any indication of the legal basis of his claims or why this Court has jurisdiction of his claims. The Court therefore dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Moreover, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). In 2024 and 2025, Plaintiff filed more than eleven

*pro se* cases in this district. *See Rogers v. Target Corp.*, ECF 1:24-CV-7883, 5 (LTS) (S.D.N.Y. Mar. 5, 2025) (listing cases filed as of that date). In light of this litigation history, the Court warned Plaintiff in *Rogers v. White House*, No. 25-CV-1773 (LLS) (S.D.N.Y. June 12, 2025), that if he continued to abuse the privilege of proceeding IFP, the Court may order him to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing complaints IFP in this court without its prior permission. That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The warning issued in *Rogers v. White House*, No. 25-CV-1773 (LLS) (S.D.N.Y. June 12, 2025) remains in effect.

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   July 29, 2025
         New York, New York

                                          _____
                                               Louis L. Stanton
                                                    U.S.D.J.