UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROGERS,

                  Plaintiff,

          -against-

ELON MUSK,

                Defendant.

25-CV-2347 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"). On July 29, 2025, the Court dismissed Plaintiff's action for failure to state a claim on which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF 4.) The Clerk of Court entered civil judgment on July 31, 2025 (ECF 5.) On August 14, 2025, the United States Postal Service returned the order of dismissal to the court as undeliverable.

On September 5, 2025, Plaintiff filed a motion for an extension of time to file a notice of appeal, under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, and a notice of appeal. (ECF 7, 8.) In the motion, Plaintiff asserted that he did not timely file a notice of appeal because of "difficulties surrounding the kidnaping of my nieces and my sister's passing. Hostage situation between Tiberius and I." (ECF 7 at 1.) By order dated December 31, 2025, the United States Court of Appeals for the Second Circuit held the appeal in abeyance pending this Court's ruling on Plaintiff's motion. (ECF 9.)

## DISCUSSION

Under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, a district court may reopen the time to file a notice of appeal if: (1) the court finds that the moving party did not receive notice of entry of the judgment it seeks to appeal; (2) the motion is filed within 180 days

after judgment is entered or within 14 days of the moving party receiving notice of entry, whichever is earlier; and (3) the court determines that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

In his motion, Plaintiff indicates that circumstances in his personal life prevented him from timely filing a notice of appeal. (ECF 8.) It is clear from docket, in any event, that the copy of the order that was mailed to Plaintiff was returned as undeliverable. In short, he may well have not received timely notice of the order that he seeks to appeal. The Court therefore construes the motion for an extension of time to file a notice of appeal as a motion to reopen the time to file a notice of appeal. Under the circumstances presented, and in light of Plaintiff's *pro se* status, the Court grants the motion.

**CONCLUSION**

The Court construes Plaintiff's motion, ECF 7, as a motion to reopen the time to file a notice of appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, and grants it. . (ECF 9).

SO ORDERED.

Dated:    January 29, 2026
          New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.

2